# IN THE COURT OF APPEALS OF IOWA

No. 18-1174
Filed September 25, 2019

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**ALAN RAY CASSIAS,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Mark R. Lawson, Judge.

Alan Ray Cassias appeals his conviction and sentence for false imprisonment and sexual abuse in the third degree. **CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Theresa R. Wilson, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee.

Considered by Potterfield, P.J., May, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**CARR, Senior Judge.**

Alan Ray Cassias appeals his conviction and sentence for false imprisonment and sexual abuse in the third degree. He argues the district court erred in admitting phone records and in stating he may be assessed appellate attorney fees unless he requests a hearing to determine his reasonable ability to pay. We find the phone records were hearsay but their admission was cumulative and no prejudice resulted. Therefore, we affirm his conviction. However, the provision regarding appellate attorney fees is erroneous, and we vacate that provision and remand for entry of a corrected sentencing order.

## I.      Background Facts and Proceedings

According to testimony from F.F., she was waiting to ride a bus to work on the morning of January 18, 2017, when Cassias approached her and offered to drive her. They had been platonic friends for about a year at the time. He picked her up and drove them to his apartment in Davenport because he said he needed "to grab something." After they entered his apartment, he choked her from behind with a scarf or similar object. She lost consciousness and awoke on his bed. He bound her wrists together with zip ties but later cut the ties. Threatening her with a knife, he ordered her to strip naked and engage in oral and vaginal sex. After intercourse, she persuaded him to drive her to work. She soon left work and went to the hospital, where she underwent an examination and spoke to a police officer.

That evening, Davenport police obtained and executed a search warrant for Cassias's apartment. On January 20, an arrest warrant was issued for Cassias for his actions toward F.F. On January 23, law enforcement arrested and detained him in New Mexico. The next day, William Thomas, a detective with the Davenport

police department, flew to New Mexico to interview Cassias and search his car. During a recorded interview, Cassias said F.F. called his cell phone the morning of January 18 and they had consensual sex later that day. Detective Thomas determined Cassias had two cell phones on or around January 18, with Sprint the provider for one and AT&T the provider for the other. Detective Thomas contacted both providers to obtain Cassias's phone records, which did not show a call between F.F. and Cassias on the morning of January 18.

Cassias was charged and went to trial in Iowa beginning April 30, 2018. The State's witnesses included F.F. and Detective Thomas. The jury convicted Cassias of sexual abuse in the third degree and false imprisonment. *See* Iowa Code §§ 709.4, 710.7 (2017). The court sentenced him to terms of incarceration not to exceed ten years for sexual abuse and one year for false imprisonment, run consecutively, plus fines, surcharges, and costs. The court waived trial attorney fees due to his indigency and incarceration. The sentencing order also stated:

> The Defendant is advised that if he determines to appeal this ruling, he may be entitled to court-appointed counsel to represent him in an appeal. The Defendant is advised that if he qualifies for court-appointed counsel, then he can be assessed the cost of the attorney when a claim for such fees is presented to the Clerk of Court following the appeal. The Defendant is further advised that he may request a hearing on his reasonable ability to pay these fees within thirty days of the issuance of the procedendo following the appeal. If the Defendant does not file a request for a hearing on the issue of his reasonable ability to pay court-appointed appellate attorney fees, the fees approved by the State Public Defender may be assessed in full to the Defendant.

## II.      Standard of Review

"We review a defendant's hearsay claims for correction of errors at law." *State v. Reynolds*, 746 N.W.2d 837, 841 (Iowa 2008). We review claims of an

illegal sentence for correction of legal errors at law. *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014).

### III. AT&T Phone Records

At trial, the court admitted Cassias's phone records from Sprint and AT&T over his hearsay objection. On appeal, he concedes the Sprint records are admissible under Iowa Rule of Evidence 5.803(6) (providing an exception from hearsay for certain business records). However, he argues the AT&T records do not meet the requirements of rule 5.803(6) and are inadmissible hearsay. While the State concedes the AT&T records are not admissible under rule 5.803(6), the State argues the AT&T records are not hearsay. *See* Iowa R. Evid. 5.801(c)(1)–(2) (defining hearsay as an out-of-court statement offered "to prove the truth of the matter asserted in the statement"). The State asserts it offered the AT&T records not to prove the lack of a phone call between F.F and Cassias before the sexual activity, but to show Cassias lied to police in his interview as evidence of his guilty conscience.

The State asserts "admitting records to show whether a communication happened is a non-hearsay purpose." The State relies on *State v. Sowder*, which only addresses communication records used to impeach a witness. *See* 394 N.W.2d 368, 370 (Iowa 1986) ("A prior statement of a witness used to impeach the witness' testimony is not hearsay when the statement is not offered to prove the truth of the statement, but rather to prove the fact the witness made a statement at a previous time."). Cassias did not testify at trial, and the State asserts it only seeks to show he made a false statement outside of court to Detective Thomas.

Accordingly, *Sowder* does not apply here to contradict a non-testimonial statement of a non-witness. *See id.*

In identifying the reason for offering a statement, we base our decision "on the facts and circumstances developed by the record" rather than the asserted purpose. *Id.* at 371. We find the State offered the AT&T records to prove the truth of their contents, specifically to show F.F. did not call Cassias on the morning of January 18. The records do not simply contradict Cassias's statement to Detective Thomas on an ancillary matter. The sequence of events preceding the charged conduct are critical to establishing the State's narrative of the crime and to corroborate F.F.'s testimony that Cassias had unexpectedly approached her that morning. Therefore, the AT&T phone records were inadmissible hearsay. *See id.*

When hearsay is improperly admitted, we will not reverse the district court if the error was harmless. *See* Iowa R. Evid. 5.103(a) ("A party may claim error in a ruling to admit or exclude evidence only if the error affects a substantial right of the party . . . ."); *State v. Sullivan*, 679 N.W.2d 19, 29 (Iowa 2004). Reversal is required if "the rights of the complaining party have been injuriously affected by the error" or "a miscarriage of justice" has occurred. *Sullivan*, 679 N.W.2d at 29 (quoting *State v. Trudo*, 253 N.W.2d 101, 107 (Iowa 1977)). We presume prejudice occurred "unless the contrary was affirmatively established." *Id.*

The admission of improper evidence may be harmless error if the improper evidence is cumulative of other evidence in the record. *See Elliott*, 806 N.W.2d at 669. Cassias asserts the AT&T records show F.F. did not call him on the morning of January 18, which the State wanted to show "to contradict [his] claims and undermine his defense of consent." However, the AT&T records merely show F.F.

did not call his AT&T phone that morning. Cassias never claimed F.F. called his AT&T phone; instead, he specifically claimed during his interview that she called his Sprint phone. We also note the State referred to the Sprint records but never the AT&T records in its argument, mentioning in closing "Detective Thomas tried to find that phone call among the records of the cell phone, . . . that was the [Sprint] number that he talked about in his interview; no phone call." Because Cassias only claimed F.F. called his Sprint phone on the morning of January 18, the AT&T records showing she did not call his AT&T phone that morning were merely cumulative and no prejudice resulted.

### IV. Appellate Attorney Fees

Cassias argues the sentencing provision regarding appellate attorney fees is erroneous because it orders an assessment in full unless he requests a hearing on his reasonable ability to pay. Our supreme court has held such language is erroneous. *See State v. Dieckmann*, No. 17-1806, 2019 WL 1868208, at *1 (Iowa Apr. 26, 2019); *see also State v. Albright*, 925 N.W.2d 144, 162 (Iowa 2019) ("Courts must wait to enter a final order of restitution until all items of restitution are before the court."); *State v. Coleman*, 907 N.W.2d 124, 149 (Iowa 2018) (finding the sentencing court must "determine the defendant's reasonable ability to pay the attorney fees without requiring him to affirmatively request a hearing on his ability to pay"). Therefore, we vacate the provision of his sentencing order regarding appellate attorney fees and remand for entry of a corrected sentencing order.

### V. Conclusion

The AT&T phone records are hearsay, but their admission was cumulative and no prejudice resulted. Therefore, we affirm his conviction. However, the

sentencing provision regarding appellate attorney fees is erroneous, and we vacate that provision and remand for entry of a corrected sentencing order.

**CONVICTION AFFIRMED, SENTENCE AFFIRMED IN PART AND VACATED IN PART, AND REMANDED.**